OPINION OF THE COURT
 

 Titone, J.
 

 Defendant’s insureds were adjudged liable to pay a total of $420,000 in compensatory damages and $450,000 in punitive damages in connection with a fatal automobile accident. The insureds’ assignees, the actual injured parties, then commenced the present action against the defendant insurer, alleging that it should be held liable for the full amount of the judgment, which far exceeded the policy limits, because it acted in bad faith in refusing a pretrial settlement offer that was within the policy limits. The issue in this appeal is whether the insureds’ assignees may recover the portion of the judgment that represents an award of punitive damages. We conclude that they cannot.
 

 On May 21, 1988, Nelson Rivera and Angel Luis Echevarria were hit by a car and fatally injured while they were standing and conversing with some individuals who were sitting in another car. The vehicle that hit Rivera and Echevarria had been operated by Elisio Montanez, but was registered and insured in the name of Mary Casey, Montanez’s live-in girlfriend.
 

 The victims’ administrators brought wrongful death and survival actions against Casey and Montanez. Although the administrators’ counsel had allegedly expressed a willingness to settle the case before trial for the $50,000 per death insurance policy limit, defendant, Casey’s insurer, never offered that sum in settlement. Instead, it decided to litigate the case on the theory that its insured had never consented to Montanez’s use of the car. The result was a judgment far in excess of the limits of Casey’s policy and an award against Montanez that included $450,000 in punitive damages.
 

 In awarding damages to the plaintiffs, the jury apparently
 
 *722
 
 found that Montanez had been operating the vehicle with Casey’s permission at the time the accident occurred. It also evidently credited the substantial proof that Montanez, who had no driver’s license, was legally blind when not wearing eyeglasses and had been intoxicated at the time of the accident.
 

 The plaintiffs were paid the full amount of the compensatory damage award. Defendant insurer, however, declined to pay any portion of the judgment that represented punitive damages.
 

 Unable to collect the full amount of their judgment, the decedents’ administrators subsequently took an assignment of Montanez’s and Casey’s rights against defendant insurer. They then commenced the present action against defendant, alleging that it had been guilty of bad faith in refusing to settle the Rivera-Echevarria action within the policy limits before trial despite the opportunity to do so. In support of their claim, plaintiffs alleged that defendant had recklessly disregarded the interests of its insureds and that its conduct had been particularly egregious in light of the overwhelming evidence against Montanez and the clear likelihood of a jury award in excess of the policy limits.
 

 Defendant insurer responded by moving to dismiss plaintiffs’ complaint for failure to state a claim for which relief could be granted. Inasmuch as the full amount of the compensatory damage award in the Rivera-Echevarria action had already been paid, the only remaining basis for monetary relief was the punitive damages award. Relying on the well-established New York policy against indemnification for punitive damages
 
 (see, Home Ins. Co. v American Home Prods. Corp.,
 
 75 NY2d 196), defendant contended that plaintiffs’ claim for reimbursement for the punitive damages award could not be maintained.
 

 Both courts below adopted defendant’s argument and dismissed the complaint. In ruling in defendant’s favor, both courts stressed that since punitive damages are not insurable in this State, they could not have been within the contemplation of the parties when they made their insurance contract and therefore were not properly recoverable as a consequential damage for defendant’s alleged breach of its obligation of good faith. Following the Appellate Division’s affirmance of the order dismissing the complaint, this Court granted plaintiffs leave to take a further appeal. We now affirm.
 

 
 *723
 
 It is well established that an insurer who refuses a settlement offer in bad faith may be held liable in damages to its insured
 
 (e.g., Gordon v Nationwide Mut. Ins. Co.,
 
 30 NY2d 427;
 
 Best Bldg. Co. v Employers’ Liab. Assur. Corp.,
 
 247 NY 451, 453). Indeed, we recently observed that an insurer which acts in " 'gross disregard’ of [its] insured’s interests * * * when considering a settlement offer” may be required to pay damages, provided the plaintiff can show that " 'the insured lost an actual opportunity to settle the * * * claim’ * * * at a time when all serious doubts about the insured’s liability were removed”
 
 (Pavia v State Farm Mut. Auto. Ins. Co.,
 
 82 NY2d 445, 453, 454 [quoting
 
 United States Fid. & Guar. Co. v Copfer,
 
 48 NY2d 871, 873]).
 

 The damages recoverable in an action based on an insurer’s bad-faith refusal to settle are generally measured by "the amount for which the insured becomes charged in excess of his policy coverage” (7C Appleman, Insurance Law and Practice § 4711, at 414 [Berdal ed];
 
 see, Gordon v Nationwide Mut. Ins. Co., supra,
 
 at 436-437;
 
 see generally,
 
 14 Couch, Insurance 2d § 51:143 [rev ed]). An excess judgment is a class of harm that naturally and foreseeably flows from an insurer’s failure to accept a pretrial settlement offer within the policy limits. Accordingly, when the harm has been caused by the insurer’s breach of its obligation to perform in good faith, the insurer should be required to remedy that harm by paying the excess judgment
 
 (Gordon v Nationwide Mut. Ins. Co., supra,
 
 at 436-437;
 
 see, Brassil v Maryland Cas. Co.,
 
 210 NY 235;
 
 DiBlasi v Aetna Life & Cas. Ins. Co.,
 
 147 AD2d 93;
 
 see also, Kenford Co. v County of Erie,
 
 73 NY2d 312, 321).
 

 This principle is more complicated when, as here, a portion of the excess judgment for which the insured seeks compensation represents an award of punitive damages obtained by an injured plaintiff
 
 *
 
 On the one hand, for purposes of measuring the amounts recoverable in a bad-faith action against an insurer, such an award is no different in principle from an award of excess personal injury damages; both are unindemnified liabilities to which the insured would not have been
 
 *724
 
 exposed if the insurer had acted in good faith to reach a fair pretrial settlement. On the other hand our State’s public policy clearly precludes indemnification for punitive damages
 
 (Home Ins. Co. v American Home Prods. Corp.,
 
 75 NY2d 196,
 
 supra; Public Serv. Mut. Ins. Co. v Goldfarb,
 
 53 NY2d 392;
 
 Hartford Acc. & Indem. Co. v Village of Hempstead,
 
 48 NY2d 218). While the relief an insured seeks in an action for bad faith is more in the nature of compensation than indemnification, the nature of the underlying reason for the recovery, i.e., a civil punitive damage award, cannot be ignored.
 

 We conclude that a rule permitting recovery for excess civil judgments attributable to punitive damage awards would be unsound public policy. We have previously endorsed the " 'fundamental principle that no one shall be permitted to take advantage of his own wrong’ ”
 
 (Hartford Acc. & Indem. Co., supra,
 
 at 226, quoting
 
 Messersmith v American Fid. Co.,
 
 232 NY 161, 165;
 
 accord, Public Serv. Mut. Ins. Co. v Goldfarb,
 
 53 NY2d 392, 400). This principle is not vitiated by the existence of an entirely separate and analytically distinct wrong on the part of the insurer.
 

 As we have noted on other occasions, since punitive damages are not designed to compensate an injured plaintiff for the actual injury that that person may have suffered, their only real purpose is to punish and deter the wrongdoer
 
 (Home Ins. Co. v American Home Prods. Corp., supra,
 
 at 200;
 
 Hartford Acc. & Indem. Co. v Village of Hempstead, supra,
 
 at 226). While the deterrent value of the rule against indemnification may be somewhat attenuated in this context, the rule’s equally important goal of preserving the condemnatory and retributive character of punitive damage awards remains clear and undiminished. That goal cannot be reconciled with a conclusion that would allow the insured wrongdoer to divert the economic punishment to an insurer because of the insurer’s unrelated, independent wrongful act in improperly refusing a settlement within policy limits.
 

 Where an insurer has acted in bad faith in relation to an available pretrial settlement opportunity, it is guilty only of placing its insured at risk that a jury will deem him or her so morally culpable as to warrant the imposition of punitive damages. Stated another way, an insurer’s failure to agree to a settlement, whether reasonable or wrongful, does no more than deprive the insured of a chance to avoid the possibility of having to suffer a punitive damage award for his or her own
 
 *725
 
 misconduct. Regardless of how egregious the insurer’s conduct has been, the fact remains that any award of punitive damages that might ensue is still directly attributable to the insured’s immoral and blameworthy behavior.
 

 Our system of civil justice may be organized so as to allow a wrongdoer to escape the punitive consequences of his own malfeasance in order that the injured plaintiff may enjoy the advantages of a swift and certain pretrial settlement. However, the benefit that a morally culpable wrongdoer obtains as a result of this system, i.e., being released from exposure to liability for punitive damages, is no more than a necessary incident of the process. It is certainly not a
 
 right
 
 whose loss need be made subject to compensation when a favorable pretrial settlement offer has been wasted by a reckless or faithless insurer.
 

 In summary, we hold that the punitive damages awarded against an insured in a civil suit are not a proper element of the compensatory damages recoverable in a suit against an insurer for a bad-faith refusal to settle. Since that is the sole basis of plaintiffs’ action against defendant insurer in this case, their complaint was properly dismissed.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 *
 

 To be distinguished are situations in which the insured is seeking to recover punitive damages from the insurer because of the insurer’s own alleged misconduct in handling a settlement offer. We do not here address the recoverability of this category of damages
 
 (cf, Rocanova v Equitable Life Assur. Socy.,
 
 83 NY2d 603 [decided today] [discussing availability of punitive damages for insurer’s own alleged misconduct in settling first-party claims]).