■ LEONID LEVIT, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. (And a Third-Party Action.) [779 NYS2d 790]— In an action to recover damages for legal malpractice and for the bad faith refusal to settle an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bonina, J.), dated December 24, 2002, which granted the motion of the defendants Allstate Insurance Company and Frank Merlino and the separate motions of the defendants Erwin B. Newman and Gregory J. Newman, individually and as copartners, doing business as Newman & Newman, and Newman & Newman, the defendant Cedric A. Brown, the defendant Kenneth L. Brown, and the defendants Marshall D. Sweetbaum and Joel A. Sweetbaum, individually and doing business as Sweetbaum and Sweetbaum, and Sweetbaum & Sweetbaum, for summary judgment dismissing the complaint insofar as asserted against them and denied his cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants established their prima facie entitlement to summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant Allstate Insurance Company acted in bad faith in refusing to settle the underlying personal injury action (*see Pavia v State Farm Mut. Auto. Ins. Co.,* 82 NY2d 445 [1993]; *Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427 [1972], *cert denied* 410 US 931 [1973]; *Vecchione v Amica Mut. Ins. Co.,* 274 AD2d 576 [2000]) and failed to raise a triable issue of fact with respect to the cause of action to recover damages for legal malpractice against the remaining defendants (*see Allen v Potruch*, 282 AD2d 484 [2001]; *Lauer v Rapp,* 190 AD2d 778 [1993]; *Murphy v Stein,* 156 AD2d 546 [1989]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.