United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50116
Summary Calendar

AMERICAN STATES INSURANCE COMPANY; ET AL

Plaintiffs

AMERICAN ECONOMY INSURANCE CO

Plaintiff-Appellant

v.

SYNOD OF THE RUSSIAN ORTHODOX CHURCH OUTSIDE OF RUSSIA; ET AL

Defendants

SYNOD OF THE RUSSIAN ORTHODOX CHURCH OUTSIDE OF RUSSIA

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-824-JN

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

-1-

American States Insurance Company and American Economy Insurance Co. (together, "American") appeal the district court's grant of summary judgment, which required them to indemnify the Synod of the Russian Orthodox Church Outside of Russia, ("the Church") for the costs of a settlement litigation in a separate lawsuit. American also appeals the denial of its own motion for summary judgment in its favor.

**Factual and Procedural Background**

In August 2000, the Church was sued by a minor who alleged that he had been molested by two priests at a monastery in Blanco County, Texas. The Church promptly notified American, its insurer at the time, of the suit. American agreed to defend the Church, subject to a reservation of its right to contest whether the incident was covered under the Church's insurance policy.

The Church sought a declaratory judgment in Texas state court to clarify American's obligations to the Church under the insurance policy. Among other things, the Church sought a declaration that American had a duty to defend and indemnify it in the underlying lawsuit. American removed the case to federal court. Both parties moved for partial summary judgment on the issues of defense and indemnification. The district court granted partial summary judgment in favor of the Church, and ordered that American be required to defend and indemnify the church. The underlying lawsuit by the minor was then settled.

-2-

The district court dismissed or declared moot all remaining claims in the lawsuit, aside from the claim regarding indemnification.  The Church then filed a supplemental motion for summary judgment on this remaining issue.  American filed a second motion for summary judgment as well.  The district court granted summary judgment in favor of the Church, finding that American had a duty to indemnify it.

We vacated the district court's judgment with respect to the duty to indemnify and remanded the case, finding that the district court "erred when it incorrectly assumed that [American] had a duty to indemnify the Church based solely on its duty to defend."  *Am. States Ins. Co. v. Synod of the Russian Orthodox Church Outside of Russia*, 335 F.3d 493, 496 (5th Cir. 2003).  We further held that "[t]he district court should have determined whether the Church had shown that the settled claim was a covered loss under the insurance policy."  *Id.*

On remand, the district court found that the claim was a covered loss and that American had a duty to indemnify the Church because the incidents leading up to the underlying lawsuit occurred during a time when the Church was covered by its insurance policy with American.  American argues on appeal that the district court erred by failing to follow our mandate that it consider whether the settlement represented a potentially covered loss under the policy.  Specifically, American contends the

district court failed to examine whether the settlement award represented punitive damages, which are not insurable under New York law.

**Standard of Review**

We review *de novo* whether a district court faithfully and accurately followed our mandate on remand. *Sobley v. Southern Natural Gas Co.*, 302 F.3d 325, 332 (5th Cir. 1998). We review a grant of summary judgment *de novo. Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is proper where the record indicates that there are "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "Questions of fact are reviewed in the light most favorable to the nonmovant and questions of law are reviewed *de novo."* *Mowbray*, 274 F.3d at 278-79. The parties agree that New York law applies to this dispute.

**Discussion**

American argues that the summary judgment evidence shows that the settlement represented only punitive damages. American asserts that because punitive damages are uninsurable under New York law it cannot be made to indemnify the Church for the settlement.

Under New York law, an insurer is required to indemnify an insured for a settlement when the settlement is made to settle a

suit which involved a potential liability based on the facts known to the insured, and the settlement was reasonable in light of the size of possible recovery and the likelihood that the insured would have been found liable at a trial. *Luria Brothers & Co. Inc., v. Alliance Assurance Co., Ltd*., 780 F.2d 1082, 1091 (2d Cir. 1986). However, for reasons of public policy an insured may not be indemnified for any award that represents punitive damages. *Public Service Mut. Ins. Co. v. Goldfarb*, 425 N.E.2d 810 (N.Y. 1981).

The issue of determining what part of an award represents punitive damages has rarely been presented in the settlement context. Where the issue has been raised, it has been found to be a fact question of the type that might preclude summary judgment. In one of the few cases to address this issue, *National Union Fire Ins. Co. Of Pittsburgh, Pa. v. Ambassador Group, Inc.*, an insured filed a summary judgment motion in a suit seeking indemnification for a settlement. 556 N.Y.S.2d 549 (N.Y. App. Div. 1990). The *National Union Fire* court held that there was a fact question regarding apportionment of the settlement between covered compensatory damages and non-covered punitive damages. *Id*. at 553. Because of this fact question, among other things, the district court denied summary judgment. *Id*.

Similarly, in *Ansonia Associates Limited Partnership*, *v. Public Service Mutual Insurance Co.*, the insured contended that

its insurer had to indemnify it for the entire settlement amount because the settlement itself declared that it represented compensatory damages only. 693 N.Y.S.2d 386 (N.Y. Sup. Ct. 1998). The *Ansonia* court disagreed, finding that a question of fact existed as to what type of damages the award represented. The court held that "the mere fact that the settlement at issue described the [total settlement sum] as covering only compensatory damages is not dispositive . . . it is entirely possible, if not likely, that at least some of the settlement amount represented punitive damages." *Id.* at 389.

In light of these cases, it seems that under New York law, an insurer cannot be made to indemnify an insured for any part of a settlement award that represents punitive damages. Therefore, on this summary judgment appeal, we must determine whether there is a genuine issue of material fact regarding what type of damages are represented by the settlement.

American contends that no evidence was presented suggesting that any part of the settlement represented compensatory damages. In support, American cites the affidavit of its claims adjuster who participated in the settlement negotiations and who determined that the minor's claims against the Church "had a total settlement value range of between $300,000 to $900,000 based on the Church's punitive damage exposure." American's argument about how this indicates the settlement only represented

punitive damages is unclear. American seem to imply that because the final settlement was less than American's estimate of the punitive damage exposure, the settlement amount could only have represented punitive damages. This evidence does not conclusively establish American's argument, because the figures cited by American do not in any way indicate why the parties settled for the final amount, or what that amount represented.

The Church disputes American's contention that the entire award was based on punitive damages by arguing that under Texas law, which would have applied to the underlying lawsuit, no punitive damages may be awarded absent a finding of actual damages. Therefore, the Church argues, the settlement must have represented at least some actual damages. The Church further argues that the settlement represented actual damages because the underlying lawsuit alleged sexual abuse, which is a cause for actual damages under Texas law.

Neither party has presented any other evidence to illustrate exactly what damages were represented by the settlement represented why type of award. Yet, it must be assumed that since the complaint in the underlying lawsuit sought both punitive and actual damages, some portion of the settlement of that case likely represented potential punitive damages. Therefore, American has presented a question of fact as to which portion of the settlement award, if any, represented punitive damages. That question is material to the current suit because American cannot

be made to indemnify the Church for any portion of a settlement award that represents punitive damages.  Consequently summary judgment in favor of either party in this case was inappropriate because there was a genuine issue of material facts as to what type of damages - compensatory or punitive - the settlement represented.

**Conclusion**

Therefore we REVERSE the grant of the Church's motion for summary judgment, AFFIRM the denial of American's motion for summary judgment, REVERSE the order requiring American to indemnify the Church for all settlement expenses, and REMAND the case to the district court for further determination in accord with this order.