■ KEITLY LAVAUD, as Assignee of DON N. NIXON, Also Known as DONNON N. NIXON, Appellant, v COUNTRY-WIDE INSURANCE COMPANY, Respondent. [815 NYS2d 680]—

In an action to recover damages for the bad faith refusal to settle a personal injury claim, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Harkavy, J.), dated October 18, 2004, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment.

Ordered that the order and judgment is affirmed, with costs.

"[A]n insurer may be held liable for the breach of its duty of 'good faith' in defending and settling claims over which it exercises exclusive control on behalf of its insured" (*Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 452 [1993]). To establish a prima facie case of bad faith refusal to settle, a plaintiff must demonstrate that the insurance carrier's conduct constituted a gross disregard of the insured's interests (*see id.* at 453; *Vecchione v Amica Mut. Ins. Co.*, 274 AD2d 576, 578 [2000]).

Country-Wide Insurance Company (hereinafter Country-Wide) met its prima facie burden of establishing that it did not breach its duty of acting in good faith. Country-Wide's failure to respond to a time-restricted demand within the full policy limits did not, under the circumstances, constitute a gross disregard of the interests of Don N. Nixon, also known as Donnon N. Nixon, as the insured (*see Pavia v State Farm Mut. Auto. Ins. Co.*, *supra* at 455). In opposition, Keitly Lavaud, as Nixon's assignee, failed to raise a triable issue of fact as to whether Country-Wide acted in bad faith in failing to settle the underlying action (*see Levit v Allstate Ins. Co.*, 9 AD3d 417, 417 [2004]). Accordingly, the Supreme Court properly granted Country-Wide's motion for summary judgment dismissing the complaint and denied the cross motion for summary judgment. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur. [*See* 5 Misc 3d 1006(A), 2004 NY Slip Op 51213(U) (2004).]