■ Reena Kumar et al., as Assignees of Jeffrey A. Tisack, Respondents, v American Transit Insurance Company, Appellant. [869 NYS2d 715]—

Memorandum: Plaintiffs commenced this action seeking damages incurred as the result of alleged acts of bad faith by defendant, the insurer of plaintiffs' assignor, in refusing to settle the underlying personal injury action. Defendant appeals from an order granting plaintiffs' motion for summary judgment on the complaint. Contrary to defendant's contention, an action seeking damages for an insurer's bad faith refusal to settle an underlying action may be resolved by a motion for summary judgment (*see e.g. Lavaud v Country-Wide Ins. Co.*, 29 AD3d

745 [2006]; *Little Princess Express Cab Corp. v American Tr. Ins. Co.*, 12 AD3d 266 [2004]; *Levit v Allstate Ins. Co.*, 9 AD3d 417 [2004], *lv dismissed in part and denied in part* 3 NY3d 732 [2004]). We agree with defendant, however, that Supreme Court erred in granting plaintiffs' motion. To prevail in such an action, a plaintiff must establish that the insured " 'lost an actual opportunity to settle the . . . [action]' . . . at a time when all serious doubts about [his or her] liability were removed" (*Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 454 [1993], *rearg denied* 83 NY2d 779 [1994]; *see generally St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co.*, 43 NY2d 977, 978 [1978]), and that "defendant insurer engaged in a pattern of behavior evincing a conscious or knowing indifference to the probability that an insured would be held personally accountable for a large judgment if a settlement offer within the policy limits were not accepted" (*Pavia*, 82 NY2d at 453-454). Here, we agree with defendant that plaintiffs failed to meet their initial burden on their motion of establishing their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) and, consequently, we do not consider the sufficiency of defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). We therefore reverse the order and deny plaintiffs' motion. Present—Smith, J.P., Fahey, Green and Pine, JJ.