Waters v Geico Ins. Agency, Inc. (2020 NY Slip Op 07245)





Waters v Geico Ins. Agency, Inc.


2020 NY Slip Op 07245


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-04005
 (Index No. 610976/17)

[*1]William E. Waters, et al., appellants,
v
Geico Insurance Agency, Inc., et al., respondents.


Ahern & Ahern, Kings Park, NY (Dennis P. Ahern of counsel), for appellants.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman of counsel), for respondent Geico Insurance Agency, Inc.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents Russo Apoznanski & Tambasco, known now as Sette and Apoznanski Attorneys at Law.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 20, 2018. The order granted the separate motions of the defendant Geico Insurance Agency, Inc., and the defendant Russo Apoznanski & Tambasco, known now as Sette and Apoznanski Attorneys at Law, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In April 2010, the plaintiff William Waters (hereinafter Waters) was involved in a three-car accident on the Sagtikos State Parkway, when Waters's vehicle came into contact with a vehicle driven by Derek Fruendt, who sustained personal injuries as a result thereof. Thereafter, Fruendt, and his wife suing derivatively (hereinafter together the Freundts), commenced a personal injury action against Louis J. Maccarone and Maccarone Leasing (hereinafter together Maccarone), the driver/owner of the other vehicle involved in the accident, and Waters, alleging negligence. Waters had an insurance policy with the defendant Geico Insurance Agency, Inc. (hereinafter Geico), with a liability limit of $100,000. Pursuant to that policy, Geico undertook Waters's defense in the Freundts' personal injury action, appointing the defendant Russo Apoznanski & Tambasco, known now as Sette and Apoznanski Attorneys at Law (hereinafter Russo), as counsel for Waters. At the conclusion of the liability portion of the trial, the jury found both Waters and Maccarone liable and apportioned 85% of the fault to Waters and 15% of the fault to Maccarone. Subsequently, a judgment was entered in favor of the Freundts and against Waters and Maccarone awarding damages, and Maccarone obtained a judgment for contribution against Waters in the amount of $323,000 for the excess amount Maccarone paid beyond Maccarone's proportionate share of the judgment obtained by the plaintiffs in the underlying action.
In June 2017, Waters, and his wife suing derivatively, commenced this action against [*2]Geico and Russo (hereinafter together the defendants) alleging, inter alia, that they breached the implied covenant of good faith and fair dealing by not settling the underlying action for the policy limit. Issue was joined by the defendants. Subsequently, the defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated February 20, 2018, the Supreme Court granted the defendants' separate motions. The plaintiffs appeal.
We agree with the Supreme Court's determination granting the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318; Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976). It is well established that "[a]n insurer may be held liable for the breach of its duty of good faith in defending and settling claims over which it exercises exclusive control on behalf of its insured" (CBLPath, Inc. v Lexington Ins. Co., 73 AD3d 829, 830 [internal quotation marks omitted]; see Lavaud v Country-Wide Ins. Co., 29 AD3d 745, 746). To establish a prima facie case of bad faith refusal to settle, a plaintiff must demonstrate that the insurer's conduct constituted a gross disregard of the insured's interests, that is a deliberate or reckless failure to place the interests of the insured on an equal footing with the insurer's own interests when considering a settlement offer (see Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453; Lavaud v Country-Wide Ins. Co., 29 AD3d at 746). Here, the defendants established, prima facie, that they did not engage in conduct that constitutes a "gross disregard" by Geico of the plaintiffs' interests (see Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d at 453-454). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants' separate motions for summary judgment were not premature, as the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632).
In light of our determination, we need not consider the parties' remaining contentions.
Accordingly, we affirm the order appealed from.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court