Schlusselberg v New York Cent. Mut. Fire Ins. Co. (2022 NY Slip Op 03539)





Schlusselberg v New York Cent. Mut. Fire Ins. Co.


2022 NY Slip Op 03539


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-11765
 (Index No. 504577/18)

[*1]Kaitlyn Schlusselberg, respondent, 
v
New York Central Mutual Fire Insurance Company, appellant.


Saretsky Katz & Dranoff, LLP, New York, NY (Eric Dranoff of counsel), for appellant.
Shoshana T. Bookson (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 5, 2019. The order denied the defendant's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for punitive damages based on the defendant's bad faith.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for punitive damages based on the defendant's bad faith is granted.
The plaintiff was insured under an automobile insurance policy issued by the defendant. She was injured when she was struck by a vehicle while in a crosswalk. She made a claim to the defendant under the underinsured motorist provisions of her policy. The insurance carrier for the underlying tortfeasors tendered their full policy amount of $25,000. The plaintiff notified the defendant of the tender of insurance coverage. The defendant consented to the settlement with the tortfeasors and/or their insurance carrier in the amount of $25,000. The plaintiff subsequently commenced the instant action against the defendant to recover her remaining policy limit, in the amount of $225,000, as well as punitive damages based on the defendant's bad faith in breaching the insurance contract.
The Supreme Court erred in denying the defendant's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for punitive damages based on the defendant's bad faith in breaching the insurance contract. Damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, but punitive damages may be recoverable if necessary to vindicate a public right (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315; Morand v Farmers New Century Ins. Co., 171 AD3d 1167). "Punitive damages are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as 'gross' and 'morally reprehensible' and of 'such wanton dishonesty as to imply a criminal indifference to civil obligations'" (New York Univ. v Continental Ins. Co., 87 NY2d at 315-316, quoting Rocanova v Equitable Life Assur. Socy. of U.S., [*2]83 NY2d 603, 613 [internal quotation marks omitted]; see Walker v Sheldon, 10 NY2d 401, 405). The elements required to state a claim for punitive damages when the claim arises from a breach of contract are: (1) the defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in Walker v Sheldon; (3) the egregious conduct must be directed to the plaintiff; and (4) it must be part of a pattern directed at the public generally. Where a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering a defendant's motion to dismiss a demand for punitive damages is to identify a tort independent of the contract (see New York Univ. v Continental Ins. Co., 87 NY2d at 316; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d at 613).
As a threshold matter, the plaintiff failed to allege an independent tort. There is no separate tort for bad faith refusal to comply with an insurance contract (see Paterra v Nationwide Mut. Fire Ins. Co., 38 AD3d 511; Johnson v Allstate Ins. Co., 33 AD3d 665). While an insurer may be held liable for damages to its insured for the bad faith refusal of a settlement offer (see Smith v General Acc. Ins. Co., 91 NY2d 648, 652; Soto v State Farm Ins. Co., 83 NY2d 718, 722), the plaintiff here failed to state such a cause of action. The plaintiff does not allege any facts that, assuming those facts to be true, fit a cognizable theory of bad faith refusal to settle. An insurer has a duty of good faith in defending and settling claims over which it exercises exclusive control on behalf of its insured, and may be held liable for a breach of that duty (see Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 657; Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453; Waters v Geico Ins. Agency, Inc., 189 AD3d 931). However, the plaintiff here was not defending a claim and was not exposed to potential liability. There was no claim against the plaintiff to be settled (see United States Fid. & Guar. Co. v Copfer, 48 NY2d 871).
Furthermore, to establish a prima facie case of bad faith refusal to settle, the insured must establish that the insurer's conduct constituted a gross disregard of the insured's interests—that is, a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer (see Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d at 657; Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d at 453; Waters v Geico Ins. Agency, Inc., 189 AD3d at 931). The plaintiff has not alleged any facts from which an inference can be drawn that the defendant's conduct constituted a gross disregard of the plaintiff's interests.
Even assuming that the plaintiff stated a cause of action for the independent tort of bad faith refusal to settle, the plaintiff would not be entitled to punitive damages. The plaintiff failed to allege any facts from which an inference can be drawn that the defendant's conduct was of an egregious nature as set forth in Walker v Sheldon, such that it was morally reprehensible and of such wanton dishonesty as to imply a criminal indifference to civil obligations (see Walker v Sheldon, 10 NY2d at 405). The defendant did not disclaim or deny coverage. The plaintiff merely alleged that she did not receive the amount of compensation to which she believed she was entitled. Nor did the plaintiff allege any facts from which an inference can be drawn that the defendant's conduct was part of a pattern directed at the public generally. This case is, in effect, simply a private breach of contract dispute between an insurer and its insured with no greater implications (see O'Keefe v Allstate Ins. Co., 90 AD3d 725; Flores-King v Encompass Ins. Co., 29 AD3d 627).
Since the plaintiff failed to state a claim for punitive damages, the Supreme Court should have granted the defendant's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss that demand.
The defendant's remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court