United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Nos. 02-50119; 02-50438

AMERICAN STATES INSURANCE COMPANY, ET AL.

Plaintiffs,

AMERICAN ECONOMY INSURANCE COMPANY

Plaintiff-Appellant,

versus

SYNOD OF THE RUSSIAN ORTHODOX CHURCH OUTSIDE OF
RUSSIA, ET AL.,

Defendants,

SYNOD OF THE RUSSIAN ORTHODOX CHURCH OUTSIDE OF
RUSSIA,

Defendant-Appellee.

Appeals from the United States District Court
for the Western District of Texas

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:

American Economy Insurance Company ("American Economy") appeals the district court's

grant of summary judgment to the Synod of the Russian Orthodox Church Outside of Russia

("Church") regarding its duty to indemnify the Church for claims arising out of litigation involving

the molestation of a minor. For the following reasons we vacate and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2000, the Church was sued by a minor who alleged that he had been molested on six occasions by two priest-monks, Sam Greene and Jonathan Hitt at a monastery in Blanco County, Texas. In June 2000, the Church notified American Economy of the underlying lawsuit. American Economy agreed to defend the Church, subject to a reservation of rights. In its reservation of rights letter, American Economy indicated that the loss alleged might be subject to the policy's expected or intended injury exclusion and thus, might not be the result of a covered occurrence. The Church then sought a declaratory judgment in state court that American Economy and American States Insurance Company ("American States") (collectively with American Economy, "insurance companies") had a duty to defend and indemnify up to the policy limits for damages incurred from the underlying lawsuit.

The insurance companies removed the action to federal court and the Church moved for partial summary judgment, seeking a declaration that the insurance companies had a duty to defend and indemnify it in the underlying litigation. The insurance companies also moved for summary judgment seeking a declaration that they were not required to defend and indemnify the Church. Prior to the district court's ruling, American States was dismissed as a party from the action. The district court granted the Church's motion for partial summary judgment and denied American Economy's. The district court held that American Economy had a duty to defend and indemnify the Church in the underlying litigation for all non-punitive damages up to the monetary limits provided in the policy. American Economy filed a motion for reconsideration arguing in part, that the district court's ruling with respect to its duty of indemnity was premature.

2

The Church and American Economy then entered into a settlement agreement which rendered all issues related to American Economy's duty to defend moot. Both parties, however, reserved their rights concerning which party would bear the cost of the settlement, thus American Economy's duty to indemnify the Church remained a live issue. Following the settlement, American Economy conceded that the district court's ruling was not premature, but argued that the district court erred in concluding that it had the duty to indemnify the Church because the Church failed to fulfill its burden of proof. On January 16, 2002, the district court denied American Economy's motion for reconsideration.

On January 23, 2002, American Economy filed a notice of appeal of the district court's summary judgment order. American Economy then moved for the entry of a final judgment which the district court entered on April 1, 2002. On April 25, 2002, American Economy filed a second notice of appeal of the final judgment entry.[1]

## STANDARD OF REVIEW

We review the grant of summary judgment de novo. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "Questions of fact are reviewed in the light most favorable to the nonmovant and questions of law are reviewed de novo." Mowbray, 274 F.3d at 278-79.

## DISCUSSION

American Economy avers that the district court applied an incorrect standard when it

---

[1]The Church raised the issue of our jurisdiction to hear this appeal, however, it is clear that we have jurisdiction based on the second notice of appeal.

determined that it had a duty to indemnify the Church.[2]  American Economy contends that this error stemmed from the district court's incorrect assumption that the duty to indemnify is inexorably linked to the duty to defend. American Economy asserts that the district court assumed that it had the duty to indemnify the Church because of its duty to defend the Church.

Both parties agree that New York law governs the outcome of this case. <u>Servidone Construction Corp. v. Security Insurance Co. of Hartford</u> is the leading New York case regarding the duty to indemnity.  64 N.Y.2d 419 (1985).  In <u>Servidone</u>, the insured settled a claim after the trial court found that the insurer breached its duty to defend.  <u>Id</u>. at 422.  The trial court in turn awarded the insured the amount of the settlement.  <u>Id</u>. at 423.  The insurer appealed to the New York Court of Appeals, which reversed the trial court's imposition of liability and held that the duty to indemnify could not be based on the mere possibility of coverage, but rather must be based on an independent factual finding that the insured's liability is within the coverage provided by the policy. <u>Id</u>. The New York Court of Appeals reasoned that "an insurer's breach of duty to defend does not create coverage and . . . even in cases of negotiated settlements, there can be no duty to indemnify unless there is first a covered loss." <u>Id</u>.  The Court of Appeals based its holding on the difference between the duty to defend and the duty to indemnify: "The duty to defend is measured against the allegations of [the] pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person."  <u>Id</u>. at 424.

American Economy argues that <u>Servidone</u> requires the Church to prove actual liability.

_____

[2]The Church contends that American Economy waived this issue by failing to raise it before the district court. American Economy argues that the issue was raised in its response to the Church's motion for summary judgment, its motion for reconsideration, and in its reply to the Church's response to the motion for reconsideration.  Although not clearly stated, American Economy did raise this issue in its reply to the Church's motion for summary judgment. As such, we will consider the issue.

American Economy asserts that Judge Brown's dissent in W.R. Grace & Co. v. Continental Casualty Co., 896 F.2d 865 (5th Cir. 1990) supports this reading of Servidone. American Economy highlights Judge Brown's emphasis on the following language from Servidone: "the duty to defend is measured against the *allegations of pleadings* but the duty to *pay* is determined by the *actual basis* for the insured's liability to a third person." W.R. Grace & Co., 896 F.2d at 878). The Church counters that Servidone merely requires that it prove that the settled claim is a covered loss under the insurance policy. We agree with the Church. See Uniroyal v. Home Insurance Co. 707 F. Supp. 1368, 1379 (E.D.N.Y. 1998) (noting that Servidone "never held that an otherwise covered claim, once settled, must be proven anew by the insured[;]" rather Servidone "only required that the claim settled by the insured be a covered loss under the policy."). The majority opinion in W.R. Grace & Co. also supports this reading of Servidone. See W.R. Grace & Co., 896 F.2d at 874 (quoting Servidone for the principle that there "can be no duty to indemnify unless there is first a covered loss").

In this case, the district court erred when it incorrectly assumed that American Economy had a duty to indemnify the Church based solely on its duty to defend. The district court should have determined whether the Church had sho wn that the settled claim was a covered loss under the insurance policy.[3] After reviewing the record, we are unable to determine whether the settled claim

---

[3]In determining which state's law governs where to place the burden of proof, we apply Texas conflict-of-law rules. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941). The Texas Supreme Court has indicated that Texas conflict-of-law rules track, at least in part, the Restatement (Second) of Conflict of Laws. See, e.g., Ford Motor Co. v. Leggat, 904 S.W.2d 643, 647 (Tex. 1995) ("We begin with the conflict-of-law principles established by the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1988) . . . ."). The Restatement provides: "The forum will apply its own local law in determining which party has the burden of persuading the trier of fact on a particular issue unless the primary purpose of the relevant rule of the state of the otherwise applicable law is to affect decision of the issue rather than to regulate the conduct of the trial." § 133.

We conclude that allocation of the burden of proof at issue in this case "regulate[s] the conduct of the trial" and does not have as its primary purpose to "affect decision of an issue." As a result, Texas law applies. Under Texas law, the insured has the burden to prove insurance coverage. See Employers Casualty Co. v. Block, 744 S.W.2d 940, 943-44 (Tex. 1988).

was a covered loss under the policy.[4]  Thus, we vacate the district court's judgment with respect to the duty to indemnity and remand the case to the district court for further proceedings consistent with this opinion.

VACATE AND REMAND.

---

[4]We are unable to determine whether  the Church's claim is a covered loss under the insurance policy because of the lack of evidence in the record regarding the date(s) of the  molestation of the minor. During oral argument, American Economy argued that the record contained no such evidence. The Church, however, argued that there was no doubt that the minor was molested during the policy period based on the fact that the priest monks both pleaded guilty to molesting the minor during the summer of 1997, which is within the policy period. In its brief, the Church further argued that the state court plaintiffs' Seventh Amended Petition, which was attached to its partial summary judgment motion, proves that the minor was molested during the policy period. The Seventh Amended Petition submitted by the plaintiffs' in the state court is not proper summary judgment evidence. See Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 545 n. 13 (5th Cir. 2002) (holding that the plaintiff's attempt to rely on a state court petition submitted in the underlying case was not proper summary judgment evidence).  Based on the lack of reliable evidence in the summary judgment  record before us, the district court will have to make that determination on remand.