United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60847

ESSEX INSURANCE COMPANY

Plaintiff - Appellant

v.

GREENVILLE CONVALESCENT HOME INC; MOLLIE ROGERS COPELAND, as
Executrix of the Estate of Doris Bariola; EVA ANN BOSCHERT; VERNA
BALL COOK; NANCY PRYOR; BONNIE HATTEN; BETTY SCOTT, individually
and on behalf of the Estate and wrongful death beneficiaries of
Ida Henderson

Defendants - Appellees

Consol. w/ Case No. 06-60848

ESSEX INSURANCE COMPANY

Plaintiff - Appellant

v.

GREENVILLE CONVALESCENT HOME INC; BONNIE HATTEN; GLADIS EVANS

Defendants - Appellees

Consol. w/ Case No. 06-60851

ESSEX INSURANCE COMPANY

Plaintiff - Appellant

v.

GREENVILLE CONVALESCENT HOME INC; MOLLIE ROGERS COPELAND,
Executrix of the Estate of Doris Bariola; EVA ANN BOSCHERT; VERNA
BALL COOK; NANCY PRYOR; BONNIE HATTEN; TRESSIE GREEN,
Individually and on behalf of the Estate and the wrongful death
beneficiaries of Susie Height Green

Appeals from the United States District Court
for the Northern District of Mississippi, Greenville
No. 4:05-CV-102

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Essex Insurance Company appeals the district court's entry of final judgment declaring that it has a duty to defend and indemnify its insured, defendant-appellee Greenville Convalescent Home, Inc., against certain state-court claims. For the following reasons, we AFFIRM in part and VACATE in part.

## I. BACKGROUND

Essex Insurance Company ("Essex") sought a declaratory judgment that the Comprehensive General Liability insurance policy it sold to Greenville Convalescent Home, Inc. ("GCH") provides no duty to defend or indemnify GCH against claims brought by certain long-term care patients (or their representatives). The court granted Essex's motion for summary judgment in part and denied it in part and determined that Essex owes a duty to defend GCH against the claims brought by the long-term care patients. The court also determined that Essex owes a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

duty to indemnify GCH for any damages recovered by the long-term care patients in relation to their claims for negligence, gross negligence, and medical malpractice.

Essex now appeals, asserting that the policy's "hiring and supervision" exclusion and "intended and expected injuries" exclusion bar coverage for, and thus its duty to defend or indemnify, the underlying claims.

## II.  DISCUSSION

### A.  Standard of Review

We review a district court's order granting or denying summary judgment <u>de novo</u>, applying the same standards as the district court.  <u>ACS Constr. Co., Inc. of Miss. v. CGU</u>, 332 F.3d 885, 887-88 (5th Cir. 2003).  Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  FED. R. CIV. P. 56(c).  "We look to state law for rules governing contract interpretation."  <u>F.D.I.C. v. Firemen's Ins. Co. of Newark, NJ</u>, 109 F.3d 1084, 1087 (5th Cir. 1997).  Under Mississippi law, an insurance policy is a contract subject to the general rules of contract interpretation.  <u>See</u> <u>Clark v. State Farm Mut. Auto. Ins. Co.</u>, 725 So. 2d 779, 781 (Miss. 1998).  Where an insurance policy is clear and unambiguous, the meaning

and effect of the policy is a question of law.  Love By Smith v. McDonough, 758 F. Supp. 397, 399 (S.D. Miss. 1991).

The duty of an insurance provider to defend its insured depends upon the language of the policy.  Delta Pride Catfish, Inc. v. Home Ins. Co., 697 So. 2d 400, 403 (Miss. 1997).  "'The traditional test' for whether an insurer has a duty to defend under the policy language 'is that the obligation of a liability insurer is to be determined by the allegations of the complaint or declaration [in the underlying action].'"  Id. (quoting State Farm Mut. Auto. Ins. Co. v. Taylor, 233 So. 2d 805, 808 (Miss. 1970)).  If the factual allegations in an underlying complaint state a claim that is within or arguably within the scope of coverage provided by a policy, then the insurance provider is obligated to defend the insured.  Ingalls Shipbuilding v. Fed. Ins. Co., 410 F.3d 214, 225 (5th Cir. 2005); see also Am. Guar. & Liab. Ins. Co. v. 1906 Co., 273 F.3d 605, 610 (citing cases). "In comparing the complaints with the policy terms, we look not to the particular legal theories pursued by the state complainants, but to the allegedly tortious conduct underlying their suits."  Am. Guar. & Liab. Ins. Co., 273 F.3d at 610.

**B.  Negligent Hiring and Supervision Exclusion**

Essex first argues that despite the policy's Professional Liability Endorsement providing coverage for the negligent

rendering or failure to render professional services,[1] the policy's "negligent hiring and supervision" exclusion[2] bars coverage for——and thus relieves Essex of a duty to defend against——many of the underlying plaintiffs' factual allegations. Essex asserts that the district court erred in concluding that the exclusion did not bar coverage because it relied on the legal theories advanced in the complaints rather than the factual allegations in the complaints.

Because whether Essex has a duty to defend GCH rests on the factual allegations in the underlying complaint rather than the determination of those facts, we may resolve Essex's challenge as a matter of law. See generally Green v. Aetna Ins. Co., 349 F.2d 919, 923-924 (5th Cir. 1965) (applying Texas law). Although the underlying claims generally sound in the negligent rendering of

[1] The Professional Liability Endorsement provides that Essex

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies and will include damages arising out of any negligent act, error or omission in rendering or failure to render professional services of the type described in the Schedule of this policy. We will have the right and duty to defend any "suit" seeking those damages.

[2] The pertinent policy provision states that the "insurance does not apply to any claim, suit, cost or expense arising out of . . . E. HIRING AND/OR SUPERVISION: Charges or allegations of negligent hiring, training, placement or supervision." A later policy issued to GHC added negligent retention, discrimination, and harassment as among the claims excluded under the negligent hiring and supervision exclusion.

5

professional services, Essex points to allegations scattered throughout the complaints of negligent supervision and hiring and argues that the exclusion applies to bar its duty to defend GCH against those allegations and indemnify GCH for any resulting liability. In Ingalls Shipbuilding v. Federal Insurance Co., however, we held that Mississippi law requires an insurer to defend claims brought against its insured if the factual allegations in the underlying complaint state a claim that is within or arguably within the scope of coverage provided by a policy. 410 F.3d at 225; accord Am. Guar. & Liab. Ins. Co., 273 F.3d at 611 ("[B]ecause the [Mississippi] state suits allege multiple grounds for recovery, [the insurer] must provide a defense if any ground falls within the terms of the policy."). Because there are factual allegations of negligence, gross negligence, and medical malpractice in the underlying complaints that clearly fall under the policy's coverage for "damages arising out of any negligent act, error or omission in rendering or failure to render professional services," the district court's conclusion that Essex has a duty to defend GCH against those claims is correct.

The district court, apparently relying on its conclusion that Essex had a duty to defend GCH against these claims, also determined that Essex had a duty to indemnify GCH. However, the duty to defend is "broader than the insured's duty to indemnify under its policy of insurance." Cullop v. Sphere Drake Ins. Co.,

6

129 F. Supp. 2d 981, 982 (S.D. Miss. 2001) (quoting Merchants Co. v. Am. Motorists Ins. Co., 794 F. Supp. 611, 616 (S.D. Miss. 1992)); see also Green, 349 F.2d at 923-24 ("[I]n determining the duty of a liability insurance company to defend a lawsuit, the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations . . . or without reference to a legal determination thereof."). Whereas the duty to defend turns on the factual allegations in a complaint, the duty to indemnify turns "upon the actual facts that underlie the cause of action and result in liability." See Northfield Ins. Co. v. Loving Home Care, Inc., 363 F.3d 523, 528-29 (5th Cir. 2004) (applying Texas law); accord Am. States Ins. Co. v. Synod of the Russian Orthodox Ch., 335 F.3d 493, 496 (5th Cir. 2003) ("[T]he duty to pay is determined by the actual basis for the insured's liability to a third person.") (applying Texas law). "Whether [indemnification] is available depends on the nature of any such imposed liability. To determine that means a full trial of the damage claim on the merits." Green, 349 F.2d at 926. Accordingly, the decision of the district court on the issue of indemnification is premature. If GCH is found liable, the factual basis for that liability finding will determine whether indemnification is required. See id. at 926-28; Northfield Ins. Co., 363 F.3d at 528-29; Am. States Ins. Co., 335 F.3d at 496. Any associated legal questions regarding coverage will be informed by the results of the trial,

7

and the resolution of these questions should also await its conclusion.  We therefore vacate the district court's conclusion that Essex has a duty to indemnify GCH.

## C.  Expected or Intended Injury Exclusion

Essex next contends that the policy's "expected or intended injury" exclusion[3] bars coverage for——and thus Essex's duty to defend against——the failures alleged in the underlying complaints.  The district court concluded that this exclusion did not apply to the underlying claims because the claims primarily sounded in negligence and medical malpractice, which do not involve intentional acts.

Essex contends that the district court erred in two respects.  First, Essex differentiates between the meanings of "intended" and "expected" and argues that the district court erred because it failed to independently consider whether the alleged injuries were expected.  Essex essentially advances the novel argument that because injuries caused by negligent acts are foreseeable, they fall under the "expected" prong of the expected

---

[3]  The pertinent policy provision states

This insurance does not apply to:

a.  Expected or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

8

and intended injuries exclusion. By way of example, Essex posits that it is "clearly foreseeable or easily expected" that the failure to adequately feed a patient and provide her with needed therapeutic diets will result in malnutrition. This argument is entirely without merit. Essex relies solely on <u>New Hampshire Insurance Co. v. Vardaman</u>, 838 F. Supp. 1132 (N.D. Miss. 1993), in arguing that foreseeable injuries caused by negligent acts are "expected" ones. But <u>New Hampshire Insurance Co.</u> is inapposite because it addresses only expected injuries resulting from intentional acts, not negligent ones. We find no support for the proposition that injuries determined to be foreseeable for purposes of proximate causation are by definition "expected" ones within the meaning of the "expected or intended injury" exclusion.

Second, Essex argues that the district court erred in its conclusion that Essex had a duty to defend by relying on the theories of liability asserted against GCH—instead of the tortious conduct alleged—to determine that the underlying complaints asserted no intentional acts. Essex's challenge fails because the underlying claims are supported by numerous factual allegations of negligent conduct that do not fall within the "expected or intended injury" exclusion. Because these allegations state a claim that is within the scope of coverage provided by the policy, Essex has a duty to defend GCH. <u>See Ingalls</u>, 410 F.3d at 225. To the extent that the underlying

9

complaints allege expected or intentional injury, a determination of Essex's duty to indemnify should await a trial on the merits for the reasons already considered above.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's final judgment declaring that Essex has a duty to defend GCH against the pending state-court claims but we VACATE the final judgment declaring that Essex has a duty to indemnify GCH.

AFFIRMED IN PART AND VACATED IN PART.  Each party shall bear its own costs.