# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-40374
Summary Calendar

ESSEX INSURANCE COMPANY

Plaintiff-Appellant-Cross-Appellee

v.

JACKIE HINES

Defendant-Appellee-Cross-Appellant

Appeals from the United States District Court
for the Southern District of Texas
No. C-08-125

Before  HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

We have occasion once again to take up the "seemingly simple task" of determining whether an insurance company owes a duty to defend an underlying liability lawsuit, and because the insurer in this case indeed has such a duty, it is also an occasion to again remind: "When in doubt, defend."[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008)

I

Jackie Hines purchased an insurance policy from Essex Insurance Company to cover a house she had purchased in Corpus Christi, Texas. Hines paid a $325.00 premium for "Commercial General Liability Coverage" and a $437.00 premium for "Commercial Property Coverage." The policy ran three months, from November 4, 2004 through February 4, 2005.

During the policy period, Hines renovated the house. She then sold it to Robert and Kathryn Childers in August 2005. A few months later, the Childers sued Hines for negligence and other wrongs, alleging that Hines improperly installed new foundation piers, "failed to locate and remove wood rot in the flooring, failed to repair the sub-flooring of the house and failed to properly ventilate the foundation of the residence." Hines requested that Essex defend her in the Childers' lawsuit, limiting her request for defense to the claim of negligence. Essex declined and brought suit for a declaratory judgment. The district court found summary judgment in favor of Hines, requiring that Essex defend Hines. Essex appeals that judgment, which we now affirm.

Under Texas law, which applies here, an insurer has a duty to defend a policyholder in actions brought by a third party who asserts claims potentially covered by the insurance policy.[2] When determining whether an insurer owes a duty to defend its insured, Texas courts follow the "eight corners" or "complaint allegation" rule,[3] which directs a court to examine only "the allegations in the pleadings and the language of the insurance policy."[4] The "latest amended pleading upon which the insurer based its refusal to defend the action" is the one

---

[2] *See St. Paul Guardian Ins. Co.*, 283 F.3d 709, 712 (5th Cir. 2002).

[3] *Gore*, 538 F.3d at 368; *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996).

[4] *King v. Dallas Fire Ins. Co.*, 85 S.W. 3d 185, 187 (Tex. 2002).

to be analyzed.[5] It is the *factual* allegations in *this pleading* that matter;[6] the duty to defend is not affected by facts ascertained before or during the underlying litigation, or by the ultimate outcome of the underlying case.[7]

Allegations are read liberally in favor of the insured and all doubts are resolved in the insured's favor.[8] "Courts may not, however, (1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual scenarios which might trigger coverage."[9] Yet, "we may draw inferences from the petition that may lead to a finding of coverage."[10] So long as the complaint alleges at least one cause of action within the policy's coverage, the insurer must defend the insured."[11]

On appeal, Essex argues that the Childers' claim of negligence against Hines is barred from coverage under the policy because (1) construction work is not covered, and (2) even if construction work is covered, this particular claim of negligence is excluded.

## II

Essex urges that the policy does not cover Hines for construction work. In support, Essex points first to a form in the policy entitled "Commercial General Liability Coverage Part Supplemental Declarations," which states that the

---

[5] *Canutillo*, 99 F.3d at 701.

[6] *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006).

[7] *Canutillo*, 99 F.3d at 701.

[8] *Gore*, 538 F.3d at 368–69 (citing *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex. 1997)).

[9] *Id.* at 369 (quoting *Guar. Nat'l Ins. Co. v. Azrock Indus.*, 211 F.3d 239, 243 (5th Cir. 2000) (internal quotation marks omitted)).

[10] *Id.*

[11] *Canutillo*, 99 F.3d 695, 701 (5th Cir. 1996).

Description of Hazard/Insured Classification" is "DWELLING-SINGLE FAMILY-LESSOR'S RISK ONLY." Because of the reference to "lessor's risk only," Essex argues that Hines was not covered for construction work; the policy apparently does not define the term.

Second, Essex directs us to a form entitled "Classification Limitation Endorsement," which limits coverage to "only . . . those operations specified in the application for insurance on file with the company and described under the 'description' or 'classification' on the declarations policy." Third, the "Limitation of Coverage to Designated Premises or Project" section of the policy states that "[t]his insurance applies only to 'bodily injury[,]' 'property damage,' . . . arising out of (1) the ownership, maintenance, or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or (2) the project shown in the Schedule."

Together, Essex pushes that this language precludes coverage for construction work. Such a conclusion would not be completely implausible. Nonetheless, the "Renovated Property Endorsement" suggests just the opposite: "This policy covers a renovation project. This policy will cover the usable existing structure which predates the renovation project as insured property."[12] Where, as here, "the language used is subject to two or more reasonable interpretations, the construction which affords coverage will be adopted. The policy of strict construction against the insurer is especially strong when the court is dealing with exceptions and words of limitation."[13] So long as it is not

---

[12] Essex argues that because the endorsement concerns only the "usable existing structure which predates the renovation project," the endorsement was not contemplated to cover completed or defective construction work. More likely, however, the language is concerned with limiting coverage to existing structures as opposed to new ones, a conclusion that squares neatly in the context of a "renovation project."

[13] *Blaylock v. Am. Guarantee Bank Liability Ins.*, 632 S.W.2d 719, 721 (Tex. 1982) (citations omitted).

unreasonable, an interpretation favoring coverage will be adopted even if an interpretation militating against coverage is *more* reasonable.[14]

For its part, Essex does not posit what the insurance policy *does* cover, other than implicitly suggesting that the policy covered Hines as a landlord of an admittedly *vacant* house, one that Essex knew was being renovated. We will not labor to imagine in its stead. Suffice to say, that if a "Commercial General Liability Coverage" policy taken out by a contractor is not generally intended to cover "construction," it might surprise the Texas Supreme Court; it seems to treat this conclusion as axiom.[15] In any event, Essex does not urge that this particular Commercial General Liability Coverage policy was designed to do something fundamentally different than the innumerable Commercial General Liability policies based on the same "standard form developed by the Insurance Services Office, Inc." and "used throughout the United States."[16]

## III

Even if the policy does cover construction work, Essex contends that it specifically excludes the negligent work alleged by the Childers. "[W]hen the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend."[17] "Texas

---

[14] *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 668 (Tex. 2008) ("When interpreting an insurance contract, we must adopt the construction of an exclusionary clause urged by the insured *as long as that construction is not unreasonable*, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent. Exceptions or limitations on liability are strictly construed against he insurer in favor of the insured, and an intent to exclude coverage must be express in clear and unambiguous language.") (citations omitted and emphasis added).

[15] *See, e.g.*, *Pine Oak Builders, Inc. v. Great American Lloyds Ins. Co.*, 279 S.W.3d 650, 651 (Tex. 2009) (citing *Lamar Homes, Inc. v. Mid-Continent Casualty Co.*, 242 S.W.3d 1, 4–5, 16 (2007)).

[16] *Lamar Homes*, 242 S.W. 3d at 5 (citing 2 JEFFREY W. STEMPEL, STEMPEL ON INSURANCE CONTRACTS § 14.01 (3d ed 2007).

[17] *Gulf States Ins. Co. v. Alamo Carriage, Serv.*, 22 F.3d 88, 91 (5th Cir. 1994).

law places the burden of proving that an exclusion applies on the insurance company."[18] We narrowly construe exclusions, and draw all reasonable inferences in the insured's favor.[19] Here, Essex puts forth two exclusions.

The first excludes from coverage property damage that is "expected or intended from the viewpoint of the insured." This exclusion does not apply to the current case because the Childers sued Hines primarily for negligence, which does not involve an expected or intended act.[20]

The second excludes from coverage "property damage to . . . that particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." This exclusion further provides that it "does not apply to 'property damage' to 'your work' arising out of it or any part of it and included in the Products/Completed Operations Hazard." The policy defines "your work" to mean "work or operations performed by you or on your behalf and materials, parts or equipment furnished in connection with such work or operations" including "warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.'" Our precedent makes plain that the "that particular part" language of exclusion "limits the scope of the exclusion to damage to parts of the property that were actually worked on by the insured."[21] "If work on any part of a property would leave an insured exposed for damages to the entire property, the exclusion should state: 'Property damage to property that must be restored,

---

[18] *Gore*, 538 F.3d at 370 (citing TEX. INS. CODE. ANN. § 554.002 (Vernon 2005)).

[19] *Id.* (citing *Gen. Star Indem. Co. v. Gulf Coast Marine Assocs.*, 252 S.W.3d 450, 458–59 (Tex. App.–Houston [14th Dist.] 2008, pet. denied)).

[20] *Essex Ins. Co. v. Greenville Convalescent Home, Inc.*, 236 Fed. App'x 49, 53 (5th Cir. 2007) (affirming the district court's holding that an "'expected or intended injury' exclusion . . . did not apply to . . . claims primarily sounded in negligence and medical malpractice, which do not involve intentional acts").

[21] *Mid-Continent Casualty Co. v. JHP Development, Inc.*, 557 F.3d 207, 214 (5th Cir. 2009) (citing *Gore*, 538 F.3d 365, 372–73).

repaired or replaced because your work was incorrectly performed on any part of it.'" Here, reading the factual allegations liberally in favor of coverage—as we must[22]—the Childers seek damages beyond that of repairing Hines's renovation work, i.e. portions of the house which Hines did not replace or renovate, or did not claim she replaced or renovated.[23]

## IV

Finally, Hines filed a counterclaim seeking attorney's fees and other damages against Essex for failing to undertake her defense and prosecuting this declaratory judgment action. Neither party addressed this counterclaim in their motions for summary judgment and the district court entered a final judgment in favor of Hines without noting it. We do not read the district court's final judgment as reaching the merits of Hines's counterclaim; we instead leave it to the district court's authority and discretion.[24]

## V

We AFFIRM the district court's summary judgment on the question of whether Essex has a duty to defend Hines under Texas law: it does.

---

[22] *Merchs. Fast Motor Lines*, 939 S.W.2d at 141.

[23] Among other things, the Childers allege that, due to Hines's negligence, they "have suffered property damage to the house, been forced to move out of the house and incur additional living expenses and have suffered a diminished value of the residence." "These damages are far removed from 'damage to the that particular part of [the] property.'" *Gore*, 538 F.3d at 372 & n.9 (holding that damages that grounded an aircraft as unairworthy and inoperable, resulting in substantial loss of use damages, permanent value diminution, and debt service payments while inoperable, were "extensive damages beyond that of repairing" the aircraft's in-flight entertainment and electrical systems).

[24] *Harris v. United States Fidelity & Guaranty Co.*, 569 F.2d 850, 852 (5th Cir. 1978).